UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ROBERT ANTHONY ) | CASE NO. 5:09 CV 2746 |
| ) | |
| Plaintiff, ) | JUDGE JAMES S. GWIN |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| CITY OF AKRON, et al., ) | AND ORDER |
| ) | |
| Defendants. ) | |

Pro se plaintiff Robert Anthony filed this action under 42 U.S.C. § 1983 against the City of Akron and "John Does (Police Dept.) Springfield P.D."  In the complaint, plaintiff alleges that he was unfairly prosecuted for writing a bad check.  He seeks $ 1,500,000.00.

**Background**

Mr. Anthony claims he arranged to have Union Topsoil bring its product to property he owns in Akron, Ohio.  He states he gave Union Topsoil a signed blank check from Fifth Third Bank to hold until the work was completed.  He claims they agreed that Union Topsoil would not cash the check until all of the top soil had been delivered and he received an invoice for the total amount due.  Shortly thereafter, he closed the account on which the check was written and opened an account at Charter One Bank.  He indicates he informed Union Topsoil of this action.

Mr. Anthony contends that Union Topsoil did not comply with the terms of their agreement.  He alleges that although the top soil had not been fully delivered, and an invoice had

not been presented, Union Topsoil allegedly filled in an amount of $ 8,972.00 on the blank check and attempted to cash it on June 19, 2008. Because the account on which it was written had been closed a month earlier, the check was dishonored and returned unpaid to Union Topsoil. Mr. Anthony was charged with grand theft in the Summit County Court of Common Pleas. He was convicted and sentenced to 12 months incarceration.

Mr. Anthony claims he was unlawfully detained, his due process rights were violated and he was "deprived [of] rights secured." (Compl. at 3.) He states he wants to file criminal charges on an unidentified individual at Union Topsoil. He also seeks monetary damages.

**Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

It is apparent on the face of the complaint that Mr. Anthony believes he should not have been prosecuted or convicted for his actions in this situation. A prisoner may not raise claims

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

under 42 U.S.C. § 1983 if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. See Edwards v. Balisok, 520 U.S. 641, 646 (1997); Heck v. Humphrey, 512 U.S. 477, 486 (1994). The holding in Heck applies whether plaintiff seeks injunctive, declaratory or monetary relief. Wilson v. Kinkela, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998). Mr. Anthony claims he was detained unlawfully and his due process rights were violated by his conviction. These claims are intended to call into question the validity of his conviction. Consequently, he cannot bring this action unless his continued confinement has been declared invalid by either an Ohio state court or a federal habeas corpus decision. There is no suggestion in the complaint that his conviction has been overturned. His claims must therefore be dismissed.

## Conclusion

Accordingly, this action is dismissed under section 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

Dated: April 12, 2010                              *s/   James S. Gwin*
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE

---

[2]    28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.